Filed 6/21/24  P. v. Novelo CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>ANDRES NOVELO,<br><br>       Defendant and Appellant. | A169024<br><br><br>(City & County of San Francisco Super. Ct. Nos. 223570, 14031390) |

**MEMORANDUM OPINION**

Andres Novelo appeals an order denying his petition for resentencing under Penal Code section 1172.6.  We affirm.[1]

In 2014, Novelo stabbed and killed a stranger outside a San Francisco bar.  The following year, a jury convicted him of several felonies, including second degree murder (§ 187, subd. (a)), and it found true an allegation that he personally used a knife in the commission of the murder (§ 12022, subd. (b)(1)).  The trial court sentenced him to 19 years to life in prison; this court affirmed.  (*People v. Novelo* (Aug. 25, 2017, A146406) [nonpub. opn.].)

In 2022, Novelo petitioned for resentencing under section 1172.6.  After appointing counsel, issuing an order to show cause, and conducting a hearing,

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Undesignated statutory references are to the Penal Code.

1

the trial court determined Novelo was ineligible for resentencing and denied the petition. The court noted the relevant portions of the trial transcripts and the jury instructions demonstrated the jury determined "Novelo was the actual killer . . . ." Thus, the court concluded the prosecution had met its "burden of proving beyond a reasonable doubt" that he was guilty of murder under California law as amended by section 1172.6.

Novelo appealed. His appointed appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 identifying no arguable issues and requesting we exercise our discretion to independently review the record for arguable issues. Novelo submitted a "supplemental brief." (Capitalization omitted.) We have evaluated the assertions raised in Novelo's submission; as explained *post*, we conclude they do not furnish a basis for reversal. (See *id.* at p. 232 [the "filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues"].)

Novelo is not eligible for resentencing relief because the record establishes that he was convicted of second degree murder based on a showing of malice. The jury found he personally used a knife in the commission of the murder, and it is undisputed the victim died of a stab wound. (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [defendant ineligible for resentencing where jury found he personally and intentionally used firearm to commit crime, an implicit finding he was the actual killer], abrogated on other grounds in *People v. Lewis* (2021) 11 Cal.5th 952, 961–962.) While the jury was instructed with CALCRIM Nos. 400 and 401 (aiding and abetting) and CALCRIM No. 402 (natural and probable consequences), all three instructions explicitly stated they applied only to Novelo's codefendant. (Cf. *People v. Offley* (2020) 48 Cal.App.5th 588, 599 [at

2

prima facie stage, enhancement for personally and intentionally discharging a firearm did not establish as a matter of law the defendant acted with malice aforethought where jury was instructed on natural and probable consequences doctrine in connection with conspiracy liability].)

To the extent Novelo attempts to raise a claim under the California Racial Justice Act of 2020 (§ 745; RJA), we reject it as unsupported by " 'legal argument with citation of authorities on the points made.' " (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) His assertions—unsupported by a description of specific evidence or citations to authority—that "implicit and explicit bias . . . impacted the outcome of the case" and that "disparate racial impact is reflected in statistical data by county"—are insufficient to establish a violation of the RJA. (See *People v. Coleman* (2024) 98 Cal.App.5th 709, 720–723 [appellant did not establish by a preponderance of the evidence a RJA violation].)[2]

Finally, we reject Novelo's summary assertion of ineffective assistance of counsel. (*People v. Stanley*, *supra*, 10 Cal.4th at p. 793; *Strickland v. Washington* (1984) 466 U.S. 668, 687.)

## DISPOSITION

The order denying Novelo's petition for resentencing is affirmed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Burns, J.                                          A169024/*People v. Andres Novelo*

---

[2] Having reached this result, we need not determine whether the RJA claim is preserved. (See *People v. Coleman, supra*, 98 Cal.App.5th at p. 720; *People v. Lashon* (2024) 98 Cal.App.5th 804, 810.)

3